HAROLD I. SMITH *et al. vs.* LEONARD E. SMITH *et al.*

JULY 3, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This case was heard by a jury in the Superior Court upon appeal of Harold I. Smith and Joseph E. Smith —hereinafter called the contestants—from a decree of a probate court admitting to probate the will of Edward K. Smith. The motion for a direction of a verdict in favor of Leonard E. Smith and Leah Godfrey—hereinafter called the proponents—was denied and a verdict was rendered breaking the will. Thereafter, the trial justice granted the

proponents' motion for a new trial. The case is before this court on the exceptions of the proponents to the denial of their motion for a directed verdict.

The will was contested on two grounds: (1) that the testator was mentally incapable of making a will, and (2) that the proponents exerted undue influence upon him.

On the question of mental capacity, the trial court in its rescript granting a new trial stated as follows: "The court has no doubt whatsoever of Edward K. Smith's soundness of mind at the time he executed his will. He was actively engaged in business, handled all of his affairs personally, and, in the opinion of those who saw him frequently, was mentally sound. Even . . . one of the contestants testified his father was mentally sound."

An examination of the record before us discloses no evidence upon which a jury would be justified in finding that the testator did not have testamentary capacity. However, as no motion was made to instruct the jury that the proponents had sustained the burden in this respect, the case went to the jury on this issue as well as on the issue of undue influence.

Upon the latter issue, proponents contend that much of the testimony for the contestants is self-serving and is given by interested parties or their adherents, and that in many instances it consists of statements alleged to have been made by the testator which are definitely inconsistent with his conduct toward the contestants. An analysis of the testimony, however, indicates that this criticism goes solely to the weight of the evidence on this issue. For example, there is testimony to the effect that the testator told his brother that in 1925 he had made a will wherein the contestants, who are his sons by his first wife, were amply provided for; and that in 1929 he told one of the contestants that proponent Leonard E. Smith wanted him to change that will. In the present will the contestants, for whom—according to their testimony—the testator had affection, were left nothing. It cannot be seriously argued

that such testimony, and similar evidence which was introduced, should not be considered by the jury under the issue of undue influence.

While proponents urge that most of the testimony relied upon by the contestants in support of the contention of undue influence is improbable and unconvincing and that for this reason the court below should have granted their motion for a directed verdict, this contention is not in accordance with the decisions of this court in regard to the duty of the trial court when a will is contested on the ground of undue influence. Our decisions on this question have recognized the difficulty of proof in a contest of a will on this ground and the fact that those exerting such influence do it secretly and in such manner that proof of the existence of undue influence must often be through circumstantial evidence. *Huebel* v. *Baldwin*, 45 R. I. 40. In *Dawley* v. *Congdon*, 42 R. I. 64, upon a motion for a directed verdict, the law was stated to be that the weight to be given to such evidence (of undue influence) is for the determination of the jury and not for the court.

In the instant case the record discloses many facts and circumstances which, if believed, tend to support the charge of undue influence. In accordance with the decisions of this court the jury may consider these circumstances and all reasonable inferences therefrom.

It is our opinion that there was no error in the denial by the trial justice of the proponents' motion for a directed verdict and in the submission of the case to the jury.

The proponents' exceptions are overruled and the case is remitted to the Superior Court for a new trial.

*Emile H. Ruch*, for appellants.

*Voigt, Wright & Munroe, Ernst T. Voigt, Clifton I. Munroe*, for appellees.